UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN MARRERO,                :
                               :    CIVIL ACTION NO. 3:22-0312
         Petitioner            :
                               :    (JUDGE MANNION)
    v.                         :
                               :
ERIC BRADLEY, WARDEN,          :
                               :
         Respondent            :

## MEMORANDUM

Norman Marrero, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges a disciplinary action against him, in which he was found guilty of assault and sanctioned to twenty-seven (27) days loss of good conduct time. Id. Specifically, Petitioner claims that his "due process rights were violated when he was denied his right to call a witness at his disciplinary hearing". Id. For relief, Petitioner requests the incident report be expunged and his good conduct time be restored. Id. The petition is ripe for disposition and, for the reasons that follow, will be denied.

## I. Background

On October 13, 2020 at approximately 11:55 a.m., Lt. M. Rivera, delivered Incident Report No. 3441158 to Marrero, charging him with assaulting any person, in violation of Code 224. (Doc. 6-1 at 13, Incident Report). The incident report reads as follows:

> On October 13, 2020, at approximately 10:00 a.m., I became aware inmate Norman Marrero, Reg. No. 765539-067, assaulted Inmate [victim] on September 29, 2020, at approximately 7:20 p.m., via the results of an investigative threat assessment. I made this determination based upon CCTV footage of the incident, inmate statements involved in the case, and the medical assessment of [victim]. Specifically, (1) the CCTV footage revealed [victim] and Marrero enter [victim's] cell, K03-119, on September 29, 2020, at approximately 7:20 p.m. The CCTV footage reveals [victim] dashing out of the cell a short time later while Marrero remains in the cell. (2) In Marrero's statement, he provided no reasoning for [victim's] dashing out of the cell and away from Marrero. (3) The medical assessment of [victim] indicated a puncture laceration on [victim's] left back. It is my conclusion Marrero stabbed [victim] with a puncturing-type of weapon on September 29, 2020, at approximately 7:20 p.m. As such, this is the reason [victim] dashed out of Cell K03-119 away from Marrero.

Id.

On October 14, 2020, Petitioner appeared before the Unit Discipline Committee ("UDC"). (See Doc. 6-1 at 13, Committee Action). Due to the severity of the charges, the UDC referred the charge to the Discipline Hearing Officer ("DHO"). Id. During the UDC hearing, staff member, N.

Bullock informed Marrero of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form. (Id. at 15, Inmate Rights at Discipline Hearing). Petitioner was also provided with an opportunity to request witnesses, which he requested the victim as the only witness. (Id. at 16). Petitioner's attitude was noted as fair, and Petitioner stated "No Comment" when asked if he wished to make a statement. (Id. at 14).

On October 21, 2020, Marrero appeared for a hearing before DHO, F. Delaney. (Doc. 13-1 at 17-21). He waived his right to have a staff representative. Id. He did request a witnesses provide testimony on his behalf during his hearing, but the witness was disallowed by the DHO due to being involved in this incident. Id. Marrero denied the charges before the DHO, stating "I didn't do that." Id.

In addition to the Incident Report and Investigation, the DHO considered the following documentary evidence: Photographs/video depicting the assault of inmate [victim] by Marrero at MCC-New York, unit 11-N, in cell K03-119; medical assessment on inmate [victim]; and inmate's statement to medical. Id. Based on the weight of the evidence, the DHO found that Petitioner committed the prohibited act of Assaulting any Person, a Code 224 violation. Id. The DHO sanctioned Marrero on the Code 224

violation to twenty-seven (27) days loss of Good Conduct Time; fifteen (15) days disciplinary segregation; and eighteen (18) months loss of commissary privileges. Id. The DHO documented his reasons for the sanctions given as follows:

> The action/behavior on the part of assaulting another person significantly threatens the health, safety, and welfare of not only himself, but of all persons, whether another inmate or any other person, who are involved in the act. This will not be tolerated. Past evidence has shown that disruptive conduct has led to serious damage to the institution, as well as serious injury to staff and inmates involved and not involved in the disruptive conduct. The sanctions imposed by the DHO were taken to inform the inmate that he will be held responsible for his actions/behaviors at all times.
>
> The sanction involving Disciplinary Segregation was imposed to deter any further negative behavior, and to enforce the standard of inmates being held responsible for their actions. A total of 15 days Disciplinary Segregation is being imposed for this incident report.
>
> The sanctions imposed involving Disallowance of Good Conduct Time, and Loss of Privileges-Comm, was also taken to enforce the standard of inmates being held responsible for their actions. Past evidence has supported that this type of behavior can be disruptive to the Security or Orderly Running of a BOP Facility, and **ABSOLUTELY** will not be tolerated.
>
> In addition, the DHO considered the seriousness of your disruptive behavior, and your willingness to NOT accept responsibility for your actions, and the fact this is a ZERO tolerance by the FBOP for inmates to engage in mutual combat, or to physically assault anyone in a Correctional Setting, when determining your sanctions imposed for this current infraction. You should be aware any future violent disruptive behavior will

> be cause for the DHO to impose significant progressive sanctions in accordance with P.S. 5270.09, page 55, in an effort to express the importance of abiding by <u>ALL</u> institution rules and regulations.
>
> Your violent disruptive behavior indicates a blatant disregard to institution/BOP rules and regulations. This case is a significant security concern to the orderly running of the institution. This type of behavior will absolutely not be tolerated.
>
> The DHO expects these sanctions will serve to deter you from similar misconduct in the future and convince you to abide by all institution rules and regulations.

Id. Marrero was advised of his appeal rights at the conclusion of the hearing.

Id. (Emphasis in original).

On March 2, 2022, Petitioner filed the instant action, challenging the DHO's denial of his only requested witness, the victim of the assault. (Doc. 1).

## II. **Discussion**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court

found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision

of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

The Bureau of Prisons has enacted specific procedures for disciplinary proceedings. 28 C.F.R. §541.1, *et seq*. Under these procedures, a staff member charges a prisoner with committing a prohibited act by issuing an incident report. 28 C.F.R. §541.5(a). The incident report ordinarily must be issued within 24 hours of the time the staff member became aware of the prisoner's involvement in the incident. Id. The incident is then investigated. Id. at §541.5(b).

After the incident is investigated, the UDC reviews the incident report and takes one of the following actions: 1) finds that the prisoner committed the prohibited act charged and/or a similar prohibited act as reflected in the incident report; 2) finds that the prisoner did not commit the prohibited act charged; or 3) refers the incident report to the DHO for further review. Id. at §541.7(a). Prohibited acts are separated into four categories based on severity: Greatest, High, Moderate, and Low. Id. at §541.3(a). If a prisoner is charged with a prohibited act in the Greatest or High category, the UDC automatically refers the incident report to the DHO for further review. Id. at §541.7(a)(4).

Under the regulations, when an incident report is referred to the DHO, a disciplinary hearing is conducted in accordance with the procedures set forth at 28 C.F.R. §541.8. The prisoner is entitled to notice of the charges at least 24 hours before the hearing. Id. at §541.8(c). The prisoner is entitled to appear at the hearing and is entitled to staff representation at the hearing. Id. at §541.8(d) & (e). The prisoner is entitled to make a statement and to present documentary evidence. Id. at §541.8(f). A prisoner may request to have witnesses appear at the hearing on his behalf, but the DHO may refuse to call requested witnesses if they are not reasonably available, if their presence would jeopardize institutional security, or if they would present repetitive evidence. Id. The DHO considers all evidence presented at the hearing. Id. The decision of the DHO must be based on at least some facts and, if there is conflicting evidence, the decision must be based on the greater weight of the evidence. Id. Following the hearing, the DHO must provide a written report documenting that the prisoner was advised of his rights. Id. at §541.8(h). The report must document the evidence relied upon by the DHO, the findings of the DHO, the sanctions imposed by the DHO, and the reasons of the DHO for imposing those sanctions. Id.

In the instant case it is clear from the record that Marrero was afforded all of the required procedural rights set forth in Wolff. He received written

notice of the disciplinary charges at least twenty-four hours prior to the hearing; he appeared at the hearing and made a statement refuting the charges; he was given the right to a staff representative, an opportunity to present witnesses and provide documentary evidence (though he chose not to do so); and he was given a written statement explaining the DHO's decision. See Wolff, 418 U.S. at 564–66.

To the extent that Petitioner challenges the DHO's decision to deny his only witness, the victim, 28 C.F.R. §541.8(f)(2) states "the DHO need not call witnesses adverse to you if their testimony is adequately summarized in the incident report or other investigation materials." Additionally, the DHO need not call witnesses if in the DHO's discretion, "their presence at the hearing would jeopardize institution security, or they would present repetitive evidence." Id.

Moreover, as stated in 28 C.F.R. §541.8(f)(5), only the DHO may question a witness and pose questions provided in advance by an inmate or his staff representative. Marrero did not present questions for the DHO to pose to the witness, nor did he indicate how the testimony would be relevant to the proceedings or differ from what was already provided in the investigation materials. (See Doc. 6-1 at 17). Thus, Petitioner fails to demonstrate a due process violation.

Accordingly, a review of the record reveals that, in arriving at a finding of guilt, the DHO relied on the incident report and investigation, viewed a photograph/video depicting the assault and considered the victim's medical assessment, the victim's statement to medical and Marrero's statement to the DHO. The DHO's decision clearly meets the due process requirement of being supported by "some evidence in the record" under Hill. See Sinde v. Gerlinski, 252 F.Supp.2d 144, 150 (M.D. Pa. 2003) ("If there is 'some evidence' to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff") (quoting Hill, 472 U.S. at 457).

The Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. §541.3. Petitioner was found guilty of a 200-level, high severity level prohibited act. Pursuant to 28 C.F.R. §541.3, the following are the sanctions available for 200-level offenses:

> A. Recommend parole date rescission or retardation.
> B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time up to 50%, or up to 60 days, whichever is less, and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
> B.1. Disallow ordinarily between 25% and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
> C. Disciplinary segregation (up to 6 months)
> D. Make monetary restitution.

E. Monetary fine.
F. Loss of privileges (e.g. visiting, telephone, commissary, movies, recreation).
G. Change housing (quarters).
H. Remove from program and/or group activity.
I. Loss of job.
J. Impound inmate's personal property.
K. Confiscate contraband.
L. Restrict to quarters.
M. Extra duty.

Thus, the sanctions imposed by the DHO in the present case were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied.

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

**MALACHY E. MANNION**
**United States District Judge**

DATED: July  , 2023
22-0312-01

- 11 -